## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA D. BIGGS EL,<br>*Plaintiff,* | : | |
| | : | |
| | : | |
| v. | : | CIVIL NO. 25-4659 |
| | : | |
| JOSH SHAPIRO, *et al.*,<br>*Defendants.* | : | |
| | : | |

### MEMORANDUM

KENNEY, J.                                                                JANUARY 28, 2026

On August 12, 2025, Plaintiff Cynthia D. Biggs El ("Plaintiff") filed a *pro se* Complaint against twenty-seven Defendants. ECF No. 1. Plaintiff's Complaint pleads nineteen causes of action stemming from her medical treatment at various hospitals and dialysis centers between approximately April 2021 to April 2023. *Id.* Of the twenty-seven named Defendants, certain Defendants have moved to dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6), and 41(b). For the reasons described below, the Court will **GRANT** the Moving Defendants'[1] motions to dismiss (ECF Nos. 16, 18,

---

[1] The "Moving Defendants" are Livanta LLC; Helena Kurniawan; Red Willow Dialysis, LLC d/b/a Franklin Commons Dialysis, and Red Willow Dialysis, LLC d/b/a Willow Grove Dialysis (incorrectly identified as "DaVita Healthcare Company," "DaVita Willow Grove Dialysis," and "DaVita Franklin Commons Dialysis"); Javier J. Rodriguez; Holy Redeemer Health System d/b/a Holy Redeemer Hospital (incorrectly identified as "Holy Redeemer Hospital"); The Trustees of the University of Pennsylvania (incorrectly identified as "University of Pennsylvania Hospital (HUP)," "Perelman School of Medicine," "Penn Medicine," "University of Pennsylvania Health System," and "Penn Medicine Doylestown Health (formerly Doylestown Hospital)"); Kevin B. Mahoney; Lisa Sator; Gemma Oetzel; Nicholas Jabco; Yonghong Huan; Samer Mohandes; Anika Vaidy; Aaron Diodato; and Melchiore Vernace. For the avoidance of doubt, "Moving Defendants" also includes incorrectly identified Defendants DaVita Healthcare Company; DaVita Willow Grove Dialysis; DaVita Franklin Commons Dialysis; University of Pennsylvania Hospital (HUP); Perelman School of Medicine; Penn Medicine; University of Pennsylvania Health System; Penn Medicine Doylestown Health (formerly Doylestown Hospital); and Holy Redeemer Hospital.

22, 28, 30, 33), **DENY WITHOUT PREJUDICE** as moot certain Moving Defendants' separate motions to dismiss for failure to file a certificate of merit (ECF Nos. 40, 49, 50), **DENY** Plaintiff's motions not to dismiss (ECF Nos. 25, 52), and dismiss the Complaint **WITHOUT PREJUDICE** as to the Moving Defendants.  For the avoidance of doubt, the Court also dismisses the Complaint **WITHOUT PREJUDICE** as to Defendants DaVita Healthcare Company; DaVita Willow Grove Dialysis; DaVita Franklin Commons Dialysis; University of Pennsylvania Hospital (HUP); Perelman School of Medicine; Penn Medicine; University of Pennsylvania Health System; Penn Medicine Doylestown Health (formerly Doylestown Hospital); and Holy Redeemer Hospital.

## I.    BACKGROUND

### A.  Factual Background

Plaintiff is a 71-year-old resident of Montgomery County, Pennsylvania.  ECF No. 1 ¶ 41; *Id.* at 37 (civil cover sheet).  In April 2021, Plaintiff went to Bryn Mawr Hospital where Defendant Mark Edelstein treated her for hypertension.  *Id.* ¶ 13.  Dr. Edelstein informed her that she would need dialysis treatments in the next couple of years if she did not take steps to lower her blood pressure, and prescribed her a higher dose of hydralazine, a blood pressure medication.  *Id.* ¶¶ 13–14.  Thereafter, Plaintiff switched to seeing a cardiologist at Doylestown Hospital.  *Id.* ¶ 15.

On or around February 22, 2023, Plaintiff felt ill and went to Doylestown Hospital's emergency room, where Defendant Aaron Diodato was her attending physician.  *Id.* ¶ 16.  Dr. Diodato informed her that she needed to start dialysis and diagnosed her with an end stage renal disease.  *Id.* ¶ 18.  The next day, a catheter was placed in her upper right chest, and she received her first dialysis treatment at Doylestown Hospital.  *Id.*  A social worker at Doylestown Hospital arranged for Plaintiff to have a seat at Fresenius Kidney Center Abington ("FKC Abington"), an out-patient dialysis treatment center.  *Id.* ¶ 19.  Plaintiff was allegedly told that no other dialysis centers would accept her.  *Id.*

On March 6, 2023, Plaintiff started seeking dialysis treatments at FKC Abington, where she alleges that she was the subject of "patient abuse" by a doctor and his staff. *Id.* ¶ 20. After two weeks, Plaintiff requested to transfer to "Willow Grove Dialysis," which she alleges is a DaVita facility. *Id.* On March 29, 2023, Plaintiff met with a clinical manager and social worker at FKC Abington, who agreed to transfer Plaintiff's medical records to DaVita. *Id.* On April 10, 2023, representatives at FKC Abington allegedly told Plaintiff that three of DaVita's locations had declined to accept her as a patient. *Id.* ¶¶ 29–30. When Plaintiff called DaVita herself, she was told that she was denied from all DaVita centers, even though there were open seats. *Id.* ¶¶ 36–39. She was not given a reason for the denial, but was told that she could re-submit another request after thirty days. *Id.* ¶ 39. Plaintiff thus continued her dialysis treatments at FKC Abington. *Id.* Plaintiff alleges that she reported her mistreatment at the hospitals and dialysis centers, but the alleged violations continued. *Id.* ¶¶ 79–80.

**B. Procedural History**

On August 12, 2025, Plaintiff filed a Complaint against twenty-seven Defendants seeking monetary damages, in addition to costs and fees. *Id.* at 20 (prayer for relief).[2] Plaintiff asserts nineteen causes of action: Deprivation of Rights 18 U.S.C. §§ 241: Conspiracy Against Rights (Count I); Deprivation of Rights Under Color of Law 18 U.S.C. § 242: Conspiracy Against Rights (Count II); Violation of the Fifth Amendment (Count III); Fraud (Count IV); Violation of the First Amendment (Count V); Violation of the Eighth Amendment (Count VI); Forced Assimilation (Count VII); Violation of the Ninth Amendment (Count VIII); Malpractice (Count IX); Medical

---

[2] Plaintiff also filed two other *pro se* complaints around the same time. *See Biggs El v. Fresenius Med. Care N. Am.*, No. 25-cv-6041 (E.D. Pa. Oct. 21, 2025); *Biggs El v. Meade*, No. 25-cv-6227 (E.D. Pa. Oct. 29, 2025). In addition, this Court previously dismissed one of Plaintiff's prior cases for lack of subject matter jurisdiction five days before she filed the underlying Complaint in this action. *See Biggs El v. Hosp. of the Univ. of Pa.*, No. 25-cv-2464, 2025 WL 2263443 (E.D. Pa. Aug. 7, 2025).

Malpractice (Count X); Assault and Battery (Count XI); Elder Patient Abuse (Count XII); Reckless Endangerment (Count XIII); HIPAA Violations (Count XIV); Violation of 18 U.S.C. § 1347 (Count XV); Bodily Mutilation (Count XVI); Defamation of Character (Count XVII); Violation of Patient Right to Self-Determination (Count XVIII); and Violation of Article 24, United Nations Declaration on the Rights of Indigenous Peoples (Count XIX). *Id.* ¶¶ 95–154. Plaintiff alleges that the Court has federal question jurisdiction and can exercise supplemental jurisdiction. *Id.* ¶ 74.

Throughout October to December 2025, Moving Defendants filed multiple motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6), and 41(b). *See* ECF Nos. 16, 18, 22, 28, 30, 33, 40, 49, 50. Of the twenty-seven named Defendants, the following Defendants moved to dismiss Plaintiff's Complaint in its entirety as to the claims asserted against them: Livanta LLC, *see* ECF Nos. 16, 29; Helena Kurniawan, *see* ECF Nos. 18, 50; Red Willow Dialysis, LLC d/b/a Franklin Commons Dialysis, and Red Willow Dialysis, LLC d/b/a Willow Grove Dialysis (incorrectly identified as "DaVita Healthcare Company," "DaVita Willow Grove Dialysis," and "DaVita Franklin Commons Dialysis"), and Javier J. Rodriguez, *see* ECF No. 22; Holy Redeemer Health System d/b/a Holy Redeemer Hospital (incorrectly identified as "Holy Redeemer Hospital"), *see* ECF Nos. 28, 40; The Trustees of the University of Pennsylvania (incorrectly identified as "University of Pennsylvania Hospital (HUP)," "Perelman School of Medicine," "Penn Medicine," "University of Pennsylvania Health System," and "Penn Medicine Doylestown Health (formerly Doylestown Hospital)"), Kevin B. Mahoney, Lisa Sator, Gemma Oetzel, Nicholas Jabco, Yonghong Huan, Samer Mohandes, and Anika Vaidy, *see* ECF No. 30; and Aaron Diodato and Melchiore Vernace, *see* ECF Nos. 33, 49; (collectively, "Moving

Defendants").[3]  In addition, several Defendants filed praecipes requesting entry of judgment of non pros, *see* ECF Nos. 37, 39, 48, and/or 12(b)(6) motions to dismiss for Plaintiff's failure to file a certificate of merit.  *See* ECF Nos. 40, 50; *see also* ECF No. 30 at 20–21.  Defendants Diodato and Vernace also moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to file a certificate of merit.  *See* ECF No. 49.

Plaintiff filed responses to certain notices and praecipes requesting entry of judgment of non-pros for failure to file a certificate of merit.  *See* ECF Nos. 31, 32, 36, 41, 51.  In addition, Plaintiff filed a Motion of *Pro Se* Plaintiff Not to Dismiss Plaintiff's Complaint Against Defendant, Livanta LLC, *see* ECF No. 25, and a Motion Not to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to File a Certificate of Merit in response to Defendant Kurniawan's motion to dismiss, *see* ECF No. 52, which the Court also construes as opposition briefs.

## II.    LEGAL STANDARDS

Moving Defendants filed various motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).[4]  Each standard is discussed below.

### A.  Rule 12(b)(1) Motion to Dismiss

The Court must dismiss causes of action whenever it finds a lack of subject matter jurisdiction.  *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).  Parties may challenge subject matter jurisdiction at any time, and a court may also dismiss a complaint for lack

---

[3] A review of the docket reflects that no attorneys have appeared on behalf of Defendants Josh Shapiro, Daniel Bernhardt, Kandis Fowler, and Mark Edelstein, and Plaintiff has not filed proof of service as to those Defendants within the 90-day period allotted under Rule 4(m).  FED. R. CIV. P. 4(m).  In addition, Defendant Kwanghee Park has not filed an answer or pleading in response to the Complaint.

[4] Because the Court denies without prejudice as moot Defendants Diodato and Vernace's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 41(b) (ECF No. 49), the Court does not address this standard.

of subject matter jurisdiction *sua sponte*.  *See* FED. R. CIV. P. 12(h)(3); *see also Nesbit*, 347 F.3d at 76–77 (explaining that a federal district court has "an independent obligation to satisfy [itself] of jurisdiction if it is in doubt").  Federal district courts have subject matter jurisdiction over civil actions pursuant to federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332.  Federal question jurisdiction requires that the case "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In order for a district court to exercise federal question jurisdiction, "a party must establish in the 'well-pleaded complaint . . . that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  *Carpenter v. Barton*, No. 24-2898, 2025 WL 2992423, at *2 (3d Cir. Oct. 24, 2025) (quoting *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 249 (3d Cir. 2016)).  It is Plaintiff's burden to demonstrate that the Court has jurisdiction as "the party asserting its existence."  *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

When deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court must first determine whether the movant presents "a factual attack or a facial attack."  *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008).  A facial attack to jurisdiction "concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites."  *Id.* (internal quotations and citations omitted); *see also Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law . . . or because some other jurisdictional defect is present.").  When reviewing a facial attack to jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached

thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### B. Rule 12(b)(2) Motion to Dismiss

A court must grant a defendant's motion to dismiss pursuant to Rule 12(b)(2) if it lacks personal jurisdiction over the defendant. "Once challenged, the plaintiff bears the burden of establishing . . . a prima facie case of personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal quotations and citations omitted). A plaintiff is "entitled to have [her] allegations taken as true and all factual disputes drawn in [her] favor." *Id.* (internal quotations and citations omitted). In addition, while plaintiff does not bear a "heavy" burden, a plaintiff must demonstrate "with reasonable particularity sufficient contacts between the defendant and the forum state" and "may not rely on the bare pleadings alone." *Stern v. Aracari Project*, No. 24-cv-1222, 2025 WL 899320, at *2 (E.D. Pa. Mar. 21, 2025) (internal quotations and citations omitted).

Under Federal Rule of Civil Procedure 4(k), a district court exercises personal jurisdiction according to the law of the state in which it sits. *O'Connor*, 496 F.3d at 316 (citing FED. R. CIV. P. 4(k)(1)(A)). Here, Pennsylvania's long arm statute applies and allows for jurisdiction over nonresidents "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). When determining whether personal jurisdiction exists over a defendant, a district court asks "whether, under the Due Process Clause, the defendant has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316–17 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

### C.  Rule 12(b)(5) Motion to Dismiss

When deciding a Rule 12(b)(5) motion to dismiss for insufficiency of service of process, "the party asserting the validity of service bears the burden of proof on that issue" if an objection to service is made.  *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).  It is Plaintiff's responsibility to have "the summons and complaint served within the time allowed by Rule 4(m)."  FED. R. CIV. P. 4(c)(1).  Rule 4(m) requires that a defendant be served with the summons within 90 days after the complaint has been filed or the district court "must dismiss the action without prejudice" as to that defendant.  FED. R. CIV. P. 4(m).  A district court has "broad discretion" when addressing a Rule 12(b)(5) motion.  *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

### D.  Rule 12(b)(6) Motion to Dismiss

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff."  *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citations omitted).  In order to survive a Rule 12(b)(6) motion, a plaintiff's well-pleaded complaint must state a "plausible entitlement to relief" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 559 (2007).  While a plaintiff is not required to plead "detailed factual allegations," Federal Rule of Civil Procedure 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  A Rule 12(b)(6) motion may be granted if "a court finds that plaintiff's claims lack facial plausibility."  *Warren Gen. Hosp.*, 643

F.3d at 84.  While Plaintiff's *pro se* status prompts a "liberal construction" of her Complaint, it "must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Kim v. I.R.S.*, 522 F. App'x 157, 158 (3d Cir. 2013) (internal quotations and citations omitted); *see also Graham v. Graham*, No. 25-2668, 2026 WL 93130, at *1 (3d Cir. Jan. 13, 2026) (per curiam).

In addition, contrary to Plaintiff's contention that the Federal Rules of Civil Procedure do not apply to her, *see, e.g.*, ECF No. 51 at 7; ECF No. 52 at 2, 4, Plaintiff must comply with the Federal Rules of Civil Procedure, just like any other litigant in federal court.  *See* ECF No. 3 at 1; *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (stating that *pro se* plaintiffs "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants"); *Corradi v. N.J. State Parole Bd.*, No. 22-1174, 2022 WL 4395728, at *2 (3d Cir. Sept. 23, 2022) (per curiam) (same).  Finally, a plaintiff cannot use an opposition brief to amend the complaint.  *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

## III.    DISCUSSION

### A.  Lack of Subject Matter Jurisdiction

Moving Defendants moved to dismiss either some or all Counts for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See* ECF Nos. 16, 18, 22, 28, 30, 33.  Their motions reflect a facial challenge to the Court's jurisdiction given the existence of jurisdictional pleading defects.  The Court holds that the following Counts must be dismissed without prejudice for lack of subject matter jurisdiction.

### 1.  Counts I, II, XV: Violations of Criminal Statutes

Plaintiff asserted claims under multiple federal criminal statutes: 18 U.S.C. § 241 (Count I); 18 U.S.C. § 242 (Count II); and 18 U.S.C. § 1347 (Count XV).  *See* ECF No. 1 ¶¶ 95–98, 135–36.  These statutes do not establish a private right of action.  *See, e.g.*, *Watson v. Wash. Twp. of Gloucester Cnty. Pub. Sch. Dist.*, 413 F. App'x 466, 468 (3d Cir. 2011) (per curiam) (holding that a *pro se* plaintiff did "not have a private right of action to sue the defendants under 18 U.S.C. §§ 241 or 242"); *Davis v. Norwood*, 614 F. App'x 602, 605 (3d Cir. 2015) (same); *Jason v. Grp. Health Coop. Inc.*, 530 F. App'x 630, 631 (9th Cir. 2013) ("[T]here is no private right of action under 18 U.S.C. § 1347, which defines a party's criminal liability for Medicare fraud"); *Williams v. Ashtabula Mun. Ct.*, No. 23-cv-649, 2023 WL 3763591, at *3 (N.D. Ohio June 1, 2023) (same).  Accordingly, the Court does not have federal question jurisdiction over Counts I, II, and XV, and will dismiss Counts I, II, and XV without prejudice as to Moving Defendants.

### 2.  Count IV: Fraud

Plaintiff alleges that "Defendants engaged in deceitful practices to deprive" her of her constitutional rights.  ECF No. 1 ¶ 106.  While Plaintiff invokes the "Negotiable Instruments Act 1881," *see id.* ¶ 107, there is no federal statute by this name; instead, Plaintiff appears to be invoking an Act from the country of India.  *See* ECF No. 28 at 11 n.1.  Accordingly, the Negotiable Instruments Act 1881 does not assist Plaintiff in demonstrating a federal cause of action for fraud.  Plaintiff also cites to 18 U.S.C. § 242 in support of her fraud claim.  ECF No. 1 ¶ 112.  But as explained above, there is no private right of action under that statute.  *See Watson*, 413 F. App'x at 468.  Plaintiff cites to no other federal statutes providing a cause of action for fraud, so the Court does not have federal question jurisdiction over this claim.  The Court will thus dismiss Count IV without prejudice as to Moving Defendants as well.

###### 3.  *Count VII: Forced Assimilation*

Plaintiff alleges that Defendants "forced [her] to continue receiving hemodialysis treatment at various hospital emergency rooms despite multiple instances of abuse, irregularities and improprieties."  ECF No. 1 ¶ 119.  Plaintiff does not cite to any federal statute providing a cause of action for "forced assimilation," and the Court does not find any relevant federal statutes that create one.[5]  Accordingly, the Court does not have federal question jurisdiction over Plaintiff's forced assimilation claim and will dismiss Count VII without prejudice as to Moving Defendants.

###### 4.  *Counts IX and X: Malpractice and Medical Malpractice*

As to Plaintiff's malpractice count, Plaintiff alleges that "Defendants Diodato and Vernace misdiagnosed [her] and engaged in malpractice and professional misconduct."  *Id.* ¶ 124.  As to Plaintiff's medical malpractice count, Plaintiff does not appear to direct this count against any Defendants in particular, and only lists the alleged elements of a medical malpractice claim.  *Id.* ¶ 126.  Plaintiff does not cite to any federal statute providing a federal cause of action for either malpractice or medical malpractice.  The Court thus does not have federal question jurisdiction over Plaintiff's malpractice and medical malpractice counts and will dismiss Counts IX and X without prejudice as to Moving Defendants.[6]

---

[5] Certain Moving Defendants also argue that this civil cause of action does not exist under Pennsylvania law.  *See, e.g.*, ECF No. 30 at 16.

[6] Certain Moving Defendants also filed motions to dismiss on the basis that Plaintiff failed to file a certificate of merit in connection with her malpractice and medical malpractice claims.  *See* ECF No. 30 at 20–21; ECF Nos. 40, 49, 50.  Because the Court finds that it lacks subject matter jurisdiction over Plaintiff's malpractice and medical malpractice counts, the Court does not address certain Moving Defendants' arguments that Plaintiff's Complaint must be dismissed on this basis as well and denies those motions without prejudice as moot.

### 5. Count XI: Assault and Battery

Plaintiff also asserted a claim for assault and battery, alleging that Defendants committed battery by making intentional contact with her body "in a harmful manner" and by placing her "in fear of imminent bodily harm." *Id.* ¶ 128. Plaintiff does not cite to any federal statute providing a cause of action for assault or battery. Furthermore, to the extent Plaintiff is attempting to bring a federal criminal action against the Defendants, such an action is not cognizable. *See, e.g.*, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Miller v. Nelling*, No. 22-cv-3329, 2023 WL 2743564, at *3 (E.D. Pa. Mar. 31, 2023) ("[T]he Third Circuit has repeatedly held that criminal statutes generally do not create private rights of action." (citing cases)). Accordingly, the Court lacks federal question jurisdiction over Plaintiff's assault and battery claim and will dismiss Count XI without prejudice as to Moving Defendants.[7]

### 6. Count XII: Elder Patient Abuse

Plaintiff alleges that she is 71 years old and that Defendants intentionally inflicted emotional pain on her, despite her requests for them to stop. ECF No. 1 ¶ 130. Plaintiff does not cite to any federal statute providing a cause of action for elder patient abuse. Moreover, Plaintiff previously attempted to assert a claim for elder patient abuse in a different lawsuit before this Court. *See Biggs El v. Hosp. of the Univ. of Pa.*, No. 25-cv-2464, 2025 WL 2263443, at *4 (E.D. Pa. Aug. 7, 2025). In dismissing that count, the Court explained that it did not find any relevant federal statutes that created a cause of action for elder patient abuse and noted that other courts

---

[7] To the extent Plaintiff seeks to assert state law claims for the intentional torts of assault and battery, Plaintiff has not pled an independent basis for the Court's jurisdiction and the Court declines to exercise supplemental jurisdiction over those claims. *See infra* at 24–25.

have dismissed similarly pled counts.[8]  *Id.* (citing *Adkins v. Sogliuzzo*, No. 09-cv-1123, 2013 WL 5468970, at *17 (D.N.J. Sept. 30, 2013)).  The same result applies here; Plaintiff's allegations do not form the basis for any federal claim.  Accordingly, the Court does not have federal question jurisdiction over Plaintiff's elder patient abuse claim and will dismiss Count XII without prejudice as to Moving Defendants.

### 7. *Count XIII: Reckless Endangerment*

Plaintiff alleges that "Defendants' actions were reckless" and "created a significant risk of serious harm" to her that has caused her bodily injury.  ECF No. 1 ¶ 132.  Plaintiff does not cite to a federal statute that provides a civil cause of action for reckless endangerment.  As this Court stated when dismissing Plaintiff's previous suit, the Court does not find any federal statutes that create a civil cause of action for reckless endangerment.  *Biggs El*, 2025 WL 2263443, at *3.[9] Accordingly, the Court does not have federal question jurisdiction over Plaintiff's reckless endangerment claim and will dismiss Count XIII without prejudice as to Moving Defendants.

### 8. *Count XIV: HIPAA Violations*

Plaintiff alleges that she was "denied the right to informed consent regarding the dissemination of her private medical information."  ECF No. 1 ¶ 134.  In addition, Plaintiff alleges that her medical records were compromised by Penn Medicine because doctors have told her that her medical records list her as a cancer patient, even though she has never had cancer.  *Id.*  Courts in this district routinely find that "HIPAA does not create a private right of action."  *See, e.g.*, *Johnson v. WPIC*, 782 F. App'x 169, 171 (3d Cir. 2019) (per curiam); *Coley v. George W. Hill*

---

[8] Certain Moving Defendants also argue that this civil cause of action does not exist under Pennsylvania law.  *See, e.g.*, ECF No. 30 at 17.

[9] Certain Moving Defendants also argue that reckless endangerment is not a civil cause of action under Pennsylvania law.  *See, e.g.*, ECF No. 30 at 16 (citing cases).

*Prison*, No. 18-cv-4127, 2018 WL 5814673, at *6 (E.D. Pa. Nov. 6, 2018); *Dade v. Gaudenzia DRC, Inc.*, No. 13-cv-1381, 2013 WL 3380592, at *2 (E.D. Pa. July 8, 2013). Indeed, Plaintiff concedes that she does not have a private right of action under this statute. *See* ECF No. 52 at 6. Accordingly, the Court lacks federal question jurisdiction over Count XIV and will dismiss Count XIV without prejudice as to Moving Defendants.

    9. *Count XVI: Bodily Mutilation*

   Plaintiff alleges that "dialysis technicians at the University of Pennsylvania's Penn Medicine" disfigured her body by inputting excess fluid, and that Defendants intentionally caused her bodily harm and disfigurement. ECF No. 1 ¶ 138. Plaintiff does not cite to any federal statute providing a cause of action for "bodily mutilation," and the Court does not find any relevant federal statutes that create one.[10] Accordingly, the Court does not have federal question jurisdiction over Plaintiff's bodily mutilation claim and will dismiss Count XVI without prejudice as to Moving Defendants.[11]

    10. *Count XVIII: Violation of Patient Right to Self-Determination*

   Plaintiff alleges that "medical personnel in the emergency department" violated her "right to refuse treatment," right to participate in decisions about her healthcare, and "right to create advance directives." *Id.* ¶ 152 (citing the Patient Self-Determination Act). In Plaintiff's prior

---

[10] Certain Moving Defendants also argue that this civil cause of action does not exist under Pennsylvania law. *See, e.g.*, ECF No. 30 at 16.

[11] Moreover, Plaintiff alleges that the mutilation could be considered "assault" or "aggravated assault," and lists a variety of health conditions that may occur from excess fluid. ECF No. 1 ¶¶ 138–48. To the extent that Plaintiff intended to assert a federal criminal cause of action for assault or aggravated assault in connection with her claim for bodily mutilation, *see, e.g., id.* ¶¶ 138, 148, Plaintiff does not cite to any federal criminal statutes in support of her claim. In any event, federal criminal statutes generally do not provide individual citizens with a private right of action. *See, e.g., Linda R.S.*, 410 U.S. at 619.

lawsuit, this Court dismissed a claim pursuant to the Patient Self-Determination Act on the basis that it does not "create a private cause of action for Plaintiff." *Biggs El*, 2025 WL 2263443, at *3. The same result applies here. Accordingly, the Court lacks federal question jurisdiction over Plaintiff's patient self-determination claim and will dismiss Count XVIII without prejudice as to Moving Defendants.

> 11. *Count XIX: Violation of Article 24, United Nations Declaration on the Rights of Indigenous Peoples*

Plaintiff alleges that "[i]ndigenous individuals" have the right to access social and medical services "without any discrimination," and "have an equal right to the enjoyment of the highest attainable standard of physical and mental health." ECF No. 1 ¶ 154. Plaintiff also alleges that DaVita banned her from receiving treatment at its dialysis centers "without reason or just cause." *Id.* Courts consistently hold that nonbinding declarations, such as the United Nations Declaration of Human Rights ("UDHR"), do not provide any "private rights of action" in federal court. *See, e.g.*, *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)); *Mitchell v. Robinson*, No. 24-cv-5687, 2025 WL 1047714, at *2 n.4 (E.D. Pa. Apr. 8, 2025) ("District courts throughout this Circuit have routinely dismissed claims brought under the UDHR with prejudice for failure to state a claim or as legally frivolous." (citing cases)); *Isaac v. Sigman*, No. 16-cv-5345, 2017 WL 2267264, at *6 (D.N.J. May 24, 2017) ("[T]he United Nations Declaration on the Rights of Indigenous Peoples is a nonbinding declaration that does not create a private cause of action." (citing cases)). Accordingly, the Court lacks federal question jurisdiction over Count XIX and will dismiss Count XIX without prejudice as to Moving Defendants.

### B. Failure to State a Claim

Moving Defendants also moved to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6). *See* ECF Nos. 16, 18, 22, 28, 30, 33. The Court holds that the following Counts must be dismissed without prejudice for failure to state a claim.

#### 1. *Counts III, V, VI, VIII: Violations of Constitutional Amendments*

Plaintiff brought multiple counts for alleged violations of her constitutional rights: Violation of the Fifth Amendment (Count III); Violation of the First Amendment (Count V); Violation of the Eighth Amendment (Count VI); and Violation of the Ninth Amendment (Count VIII).

As an initial matter, Plaintiff does not have an implied private right of action to assert claims based on these constitutional amendments. The Supreme Court "has not implied additional causes of action under the Constitution" since *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Fourth Amendment claim against *federal* officials in connection with right against unreasonable searches and seizures), *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment sex-discrimination claim in employment context), and *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment inadequate medical care claim in the prison context). *See Egbert v. Boule*, 596 U.S. 482, 490–91 (2022); *see also Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017) (reiterating that those "three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which [the Supreme Court] has approved of an implied damages remedy under the Constitution itself"). "At bottom, creating a cause of action is a legislative endeavor." *Egbert*, 596 U.S. at 491. Here, Plaintiff has not alleged facts mirroring the constitutional causes of action of *Bivens*, *Davis*, or *Carlson*. In addition, "the Ninth Amendment does not independently provide a source of individual constitutional rights." *Perry v. Lackawanna Cnty. Child. & Youth Servs.*,

345 F. App'x 723, 726 (3d Cir. 2009).  Here, just as in *Perry*, the Court is "not aware of any support for [Plaintiff's] claim that the Ninth Amendment protects against any of the events described in [her] complaint."  *Id.*; *see also Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *Bush v. Lucas*, 462 U.S. 367, 368, 390 (1983) (declining to extend *Bivens* to a First Amendment speech claim involving a federal employee).

While there is no implied private right of action, private plaintiffs may bring claims for violations of the Constitution pursuant to 42 U.S.C. § 1983.  *See Williams v. Pa. Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) ("§ 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" (quoting *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 104 (3d Cir. 2014)).  Plaintiff does not expressly invoke Section 1983, but the Court will construe Plaintiff's *pro se* Complaint liberally as asserting Section 1983 claims in connection with the claims alleging violations of constitutional amendments (Counts III, V, VI, and VIII), and her defamation of character claim (Count XVII).

To state a claim for relief under Section 1983, a plaintiff must allege both "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Fed. L. Enf't Officers Ass'n v. Att'y Gen. N.J.*, 93 F.4th 122, 128 (3d Cir. 2024). Plaintiff brought four counts based on violations of the Constitution, so the Court must determine whether the alleged violations were committed by individuals "acting under color of state law." *West*, 487 U.S. at 48; *see also Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) ("Action under color of state law requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the

authority of state law." (internal quotations and citations omitted)).  Here, Moving Defendants are all private actors, not state actors.  Within that context, the Third Circuit has explained that the "relevant question is not whether the private actor and the state have a close relationship generally, but whether there is such a close nexus between the State and *the challenged action* that seemingly private behavior may be fairly treated as that of the State itself."  *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (internal quotations and citations omitted); *see also id.* (describing three tests to determine whether state action exists).

    a.  Count III: Violation of the Fifth Amendment

Plaintiff alleges that Defendants deprived her of "a normal life involving the inalienable right to live free from arbitrary deprivation of life," "the right to make choices and act without undue restriction," and "the right to pursue individual fulfillment and well-being."  ECF No. 1 ¶¶ 100–02.  First, the Fifth Amendment's Due Process Clause applies in the context of *federal* action and Plaintiff has not sued any federal defendants.  *See B&G Constr. Co. v. Dir., Off. of Workers' Comp. Programs*, 662 F.3d 233, 246 n.14 (3d Cir. 2011) (explaining that the Due Process Clause of "the Fourteenth Amendment applies only to acts under color of state law whereas the Fifth Amendment applies to actions of the federal government").  In any event, Plaintiff has not alleged sufficient facts that would demonstrate a "close nexus" between the State of Pennsylvania and Moving Defendants in connection with Count III; instead, Plaintiff merely recites her purported rights under the Fifth Amendment without connecting the alleged violation to specific factual allegations that would state a plausible claim for relief.  *See, e.g.*, *Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The Court will thus dismiss Count III without prejudice as to the Moving Defendants for failure to state a claim.

###### b.  Count V: Violation of the First Amendment

Plaintiff alleges that FKC Abington and DaVita discriminated against her by denying her access to dialysis services at DaVita treatment centers.  ECF No. 1 ¶ 115.  FKC Abington is not a party to this action, so the Court will construe Count V as being asserted against the DaVita entities (i.e., Defendants Red Willow Dialysis, LLC d/b/a Franklin Commons Dialysis, and Red Willow Dialysis, LLC d/b/a Willow Grove Dialysis (incorrectly identified as "DaVita Healthcare Company," "DaVita Willow Grove Dialysis," and "DaVita Franklin Commons Dialysis")).  The factual allegations related to the DaVita entities in Plaintiff's Complaint do not demonstrate that they are state actors.  There are also insufficient factual allegations for the Court to find a "close nexus" between the DaVita entities and the State, such that their actions could be treated as if they were the State's actions.  Even after construing the factual allegations in Plaintiff's favor, Plaintiff has not alleged adequate factual allegations to state a plausible entitlement to relief under Count V.  *Mala*, 704 F.3d at 245 ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim.").  Accordingly, the Court will dismiss Count V without prejudice as to Defendants Red Willow Dialysis, LLC d/b/a Franklin Commons Dialysis, and Red Willow Dialysis, LLC d/b/a Willow Grove Dialysis (including incorrectly identified Defendants "DaVita Healthcare Company," "DaVita Willow Grove Dialysis," and "DaVita Franklin Commons Dialysis"), for failure to state a claim.  To the extent Plaintiff intended to assert this Count against all Defendants, the Court will also dismiss Count V without prejudice as to Moving Defendants for failure to state a claim.

###### c.  Counts VI and VIII: Violations of the Eighth and Ninth Amendments

While Plaintiff does not identify which Defendants she asserts Counts VI and VIII against, the Court will construe the Counts as if they are asserted against all Moving Defendants.  As to

both Counts VI and VIII, Plaintiff only recited the relevant constitutional amendments in a summary fashion, without alleging any facts that might support Plaintiff's claim that Moving Defendants violated her rights under the Eighth and Ninth Amendments. ECF No. 1 ¶¶ 117, 121. Moreover, these minimal allegations are insufficient to demonstrate that Moving Defendants are state actors or have a "close nexus" to the State. Accordingly, the Court will dismiss Counts VI and VIII without prejudice as to Moving Defendants for failure to state a claim.

### 2. Count XVII: Defamation of Character

Plaintiff alleges that "[d]octors at the University of Pennsylvania Hospital's Penn Medicine deliberately falsified [her] medical records," which has "damaged her reputation" and resulted in doctors refusing to treat her. *Id.* ¶ 150. The Court will construe this Count as being asserted against Defendant The Trustees of the University of Pennsylvania (incorrectly identified as "University of Pennsylvania Hospital (HUP)," "Perelman School of Medicine," "Penn Medicine," "University of Pennsylvania Health System," and "Penn Medicine Doylestown Health (formerly Doylestown Hospital)"). Plaintiff does not cite to any federal statute providing a federal cause of action for defamation of character.

The Third Circuit has found that a claim for defamation of character might exist under 42 U.S.C. § 1983, so the Court will construe Plaintiff's Complaint liberally as asserting a Section 1983 claim in connection with Count XVII. *See Kohler v. Pennsylvania*, 438 F. App'x 120, 123 (3d Cir. 2011). In *Kohler*, the Third Circuit stated that "'defamation of character' is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Id.* (internal quotations and citations omitted). Plaintiff does not allege that a particular constitutional right was violated in connection with her defamation of character claim. Accordingly, the Court will dismiss

Count XVII for failure to state a claim against Defendant The Trustees of the University of Pennsylvania (including incorrectly identified Defendants "University of Pennsylvania Hospital (HUP)," "Perelman School of Medicine," "Penn Medicine," "University of Pennsylvania Health System," and "Penn Medicine Doylestown Health (formerly Doylestown Hospital)"). *See, e.g.*, *Woodson v. Prime Care Medical, Inc.*, No. 12-cv-4919, 2013 WL 247372, at *8–9 (E.D. Pa. Jan. 23, 2013) (dismissing a defamation of character claim where the complaint did "not state a claim of a violated constitutional right in connection with" that claim). To the extent Plaintiff intended to assert this Count against all Defendants, the Court will also dismiss Count XVII without prejudice as to Moving Defendants for failure to state a claim.

### C. Lack of Personal Jurisdiction

Defendant Javier Rodriguez also moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor*, 496 F.3d at 317. Based on the allegations in Plaintiff's Complaint, Plaintiff failed to demonstrate that this Court can exercise personal jurisdiction over Defendant Rodriguez consistent with the Due Process Clause.

For individual defendants, the "paradigm forum for the exercise of general jurisdiction" is their place of domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Defendant Rodriguez is domiciled in Colorado, not Pennsylvania, *see* ECF No. 22-1 at 18, so the Court cannot exercise general jurisdiction over Defendant Rodriguez.

Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775 (1984) (internal quotations and citations omitted). To exercise specific jurisdiction, the Court generally focuses its inquiry on three factors: (1) "the defendant must have 'purposefully directed [his] activities' at the forum,"

*O'Connor*, 496 F.3d at 317 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985));
(2) the case must "arise out of relate to at least one of those activities," *id.* (internal quotations and
citations omitted); and (3) "if the prior two requirements are met, a court may consider whether
the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *Id.*
(internal quotations and citations omitted); *see also Ford Motor Co. v. Montana Eighth Jud. Dist.
Ct.*, 592 U.S. 351, 359 (2021) (explaining that a defendant's contacts with the forum "must show
that the defendant deliberately reached out beyond its home" (internal quotations and citations
omitted)).

Here, the Court cannot exercise specific personal jurisdiction over Defendant Rodriguez
because Plaintiff failed to allege that he has adequate minimum contacts with Pennsylvania. In
Plaintiff's Complaint, the only allegation that mentions Defendant Rodriguez by name simply
states that he "acted as the Chief Executive Officer for DaVita Healthcare Company." ECF No. 1
¶ 56. Otherwise, Plaintiff's Complaint is devoid of factual allegations that connect Defendant
Rodriguez to Pennsylvania or to Plaintiff's claims. Therefore, Plaintiff has not demonstrated that
Defendant Rodriguez has the requisite "minimum contacts" with Pennsylvania such that he has
purposefully availed himself of the forum and "such that the maintenance of the suit [against him]
does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at
316 (internal quotations and citations omitted). Plaintiff's Complaint will be dismissed without
prejudice as to Defendant Rodriguez for the additional reason that Plaintiff has not established that
this Court can exercise personal jurisdiction over him. FED. R. CIV. P. 12(b)(2).

**D. Improper Service**

Defendant Livanta LLC also moved to dismiss Plaintiff's Complaint pursuant to Federal
Rule of Civil Procedure 12(b)(5) for insufficiency of service of process. *See* ECF No. 16 at 18.

Defendant Livanta LLC contends that the copy of the Complaint that it received on August 14, 2025 did not contain the required summons. *See id.*; *see also id.* at Ex. A ¶¶ 3–4; FED. R. CIV. P. 4(c)(1). A review of the docket also reflects that Plaintiff has not filed proof of service as to Defendant Livanta LLC. Because the time for effectuating proper service under Rule 4 has passed, the Court will dismiss Plaintiff's Complaint without prejudice as to Defendant Livanta LLC for the additional reason that service was improper. *See* FED. R. CIV. P. 12(b)(5); *Mala*, 704 F.3d at 245 (stating that *pro se* plaintiffs "still must serve process on the correct defendants").

### E. Diversity Jurisdiction

For the reasons discussed above, the Court lacks federal question jurisdiction over Plaintiff's claims. Furthermore, Plaintiff does not allege that the Court has diversity jurisdiction over this action. ECF No. 1 ¶ 74. Even if Plaintiff had alleged the existence of diversity jurisdiction, the Court holds that it does not have diversity jurisdiction, as the parties' citizenship is not diverse. Diversity jurisdiction requires that (1) Plaintiff and *each* Defendant are citizens of different states; and (2) the amount in controversy exceeds $75,000. *See Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995); 28 U.S.C. § 1332(a). Plaintiff seeks $1,000,000 for each Count ($19,000,000 in total for all nineteen Counts) in damages for "pain, suffering and injury," so the amount in controversy prong is satisfied. ECF No. 1 ¶ 155. However, the parties are not completely diverse because Plaintiff is a resident of Montgomery County and Plaintiff lists "County of Residence of the First Listed Defendant" as Montgomery County. *Id.* at 37 (civil cover sheet). Therefore, the Court does not have diversity-based subject matter jurisdiction over this action.

### F. Supplemental Jurisdiction

District courts may exercise jurisdiction over cases raising claims that arise "exclusively under state law" if diversity jurisdiction exists. *Lombardo v. Evans*, No. 24-cv-1999, 2024 WL 3927233, at *12 (E.D. Pa. Aug. 22, 2024); 28 U.S.C. § 1332(a). As discussed above, there is no federal question or diversity jurisdiction, so this action may only remain in federal court through the exercise of supplemental jurisdiction. When a district court has original jurisdiction over federal claims, it can exercise supplemental jurisdiction over any state law claims that "form part of the same case or controversy" as the federal claims. 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). The exercise of supplemental jurisdiction by a federal court is discretionary, allowing a court to decline to exercise supplemental jurisdiction when, for example, all federal claims have been dismissed, state law claims outweigh federal claims, or other compelling reasons exist to decline jurisdiction, including considerations of judicial economy and convenience. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997); *Gibbs*, 383 U.S. at 726–27; 28 U.S.C. § 1367(c)(3). In the Third Circuit, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (internal quotations and citations omitted).

As discussed above, the Court dismissed the claims over which it had federal question jurisdiction for failure to state a claim. While Plaintiff stated that her case "is not based on state laws," *see* ECF No. 51 at 4, to the extent that Plaintiff intended to assert state law claims in connection with, for example, Count IV (Fraud), Count IX (Malpractice), Count X (Medical

Malpractice), Count XI (Assault and Battery), and Count XVII (Defamation of Character), the Court declines to exercise supplemental jurisdiction over those claims. Because no federal claims remain in this action, there is no "affirmative justification" for addressing Plaintiff's state law claims and it would not serve judicial economy to proceed on state claims alone, especially when Plaintiff has disclaimed them. *Hedges*, 204 F.3d at 123; 28 U.S.C. § 1367(c)(3). Accordingly, the Court will dismiss Plaintiff's state law claims, to the extent she intended to assert any, for lack of subject matter jurisdiction without prejudice to Plaintiff to raise them in the appropriate forum.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Moving Defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim (ECF Nos. 16, 18, 22, 28, 30, 33), deny without prejudice as moot certain Moving Defendants' separate motions to dismiss for failure to file a certificate of merit (ECF Nos. 40, 49, 50), and deny Plaintiff's motions not to dismiss (ECF Nos. 25, 52). The Court will dismiss the Complaint without prejudice as to the Moving Defendants. For the avoidance of doubt, the Court will also dismiss the Complaint without prejudice as to Defendants DaVita Healthcare Company; DaVita Willow Grove Dialysis; DaVita Franklin Commons Dialysis; University of Pennsylvania Hospital (HUP); Perelman School of Medicine; Penn Medicine; University of Pennsylvania Health System; Penn Medicine Doylestown Health (formerly Doylestown Hospital); and Holy Redeemer Hospital. An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____

CHAD F. KENNEY, JUDGE